IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:14CR28**

**RASHEEDA MCCONNELL,**

Petitioner.

## MEMORANDUM OPINION

Rasheeda McConnell, a former[1] federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence ("§ 2255 Motion," ECF No. 349).[2] In her § 2255 Motion, McConnell raises one claim for relief, asserting that "minor role is [her] ground for possible sentence reduction." (*Id.* at 4.) As relief, McConnell requests "time served and/or to be sentenced under [the] minor role guideline[,] as well as reduction in supervised release." (*Id.* at 13.) The Government has responded, asserting that McConnell's claim should be dismissed because it is vague and conclusory, and even liberally construing her claim as challenging the Court's calculation of her sentence, it is procedurally defaulted. (ECF No. 352.) Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), McConnell was advised of her right to file a reply opposing the Government's response. (Mem. Order, ECF No. 350). However, McConnell did not file a reply and the deadline to do so has expired. For the reasons set forth below, McConnell's § 2255 Motion (ECF No. 349) will be DENIED.

---

[1] McConnell was released from incarceration on November 27, 2017. *See* https://www.bop.gov/inmateloc/ (select "Find By Name;" type "Rasheeda" for "First;" and "McConnell" for "Last;" select "Search" button; and then locate the listing with Register Number: 65842–019).

[2] The Court employs the pagination assigned to McConnell's submissions by the CM/ECF docketing system. The Court corrects the spelling, capitalization, spacing, and punctuation in the quotations from McConnell's submissions.

# I. PROCEDURAL HISTORY

On March 4, 2014, a grand jury charged McConnell with one count of conspiracy to commit bank fraud and four counts of bank fraud. (Indictment 1–2, ECF No. 16.) On April 2, 2014, the grand jury returned a Superseding Indictment, charging McConnell with one count of conspiracy to commit bank fraud and six counts of bank fraud. (Superseding Indictment 1–2, ECF No. 55.) On May 6, 2014, the grand jury returned a Second Superseding Indictment, charging McConnell with one count of conspiracy to commit bank fraud (Count One) and seven counts of bank fraud (Counts Two through Eight). (Second Superseding Indictment 1–3, ECF No. 94.)

On July 21, 2014, the Court granted the Government's motion to dismiss Count Two of the Second Superseding Indictment without prejudice as to McConnell. (Order 1, ECF No. 160.) Following the dismissal of Count Two, McConnell's jury trial on Counts One and Three through Eight commenced on July 21, 2014. (ECF No. 161.) On July 23, 2014, the jury found McConnell guilty of Count One and Counts Three through Eight of the Second Superseding Indictment. (ECF No. 165.) On October 28, 2014, the Court entered judgment against McConnell and sentenced her to 60 months of imprisonment and five years of supervised release on each of Count One and Counts Three through Eight of the Second Superseding Indictment, all to be served concurrently. (J. 2–3, ECF No. 258.) McConnell appealed. (ECF No. 265.) On appeal, McConnell argued that the Court "erred in calculating the intended loss attributable to [her] under the Sentencing Guidelines." *United States v. McConnell*, 604 F. App'x 318, 318 (4th Cir. 2015). McConnell also challenged the "substantive reasonableness of her sentence." *Id.* at 318. The United States Court of Appeals for the Fourth Circuit found no error and affirmed the judgment of the Court. *Id.* at 319.

# II. ANALYSIS

In McConnell's § 2255 Motion, she states that "[m]inor role is [her] ground for possible sentence reduction." (§ 2255 Mot. 4.) McConnell requests "the relief of time served and/or to be

sentenced under [the] minor role guideline[,] as well as reduction in supervised release." (*Id.* at 13.) As noted herein, McConnell was released from the custody of the Bureau of Prisons on November 27, 2017. However, McConnell remains on supervised release and, as set forth below, her release from incarceration does not render her § 2255 Motion moot.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). No cause or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Here, given McConnell's release from incarceration, McConnell's request for relief in the form of a reduction in her term of imprisonment is now moot. However, a defendant's "release from prison does not render moot his [or her] [§ 2255 Motion] [when] he [or she] remains on supervised release, [because] the district court may, in its discretion, alter any aspect of a defendant's otherwise statutorily mandated sentence, including supervised release terms." *United States v. Major*, 693 F. App'x 267, 268 (4th Cir. 2017) (citing *United States v. Doe*, 810 F.3d 132, 143 (3d Cir. 2015)). In this case, McConnell remains on supervised release, and as part of her requested relief, she requests a reduction in the term of her supervised release. (§ 2255 Mot. 13.) Therefore, McConnell's § 2255 Motion is not moot, and the Court will address the merits of McConnell's § 2255 Motion.

As set forth above, in McConnell's § 2255 Motion, McConnell's sole claim for relief is a "possible sentence reduction" based on her "minor role" in the crime. (*Id.* at 4.) As support for her claim, McConnell argues that "[she] didn't have proprietary interest. [She] was being paid to perform. [She] didn't exercise any decision making. And the prosecution found [she] would've only participated in [the] crime for a few more months. The prosecution also removed the increase in levels because [her] role was minor." (*Id.*) McConnell further argues that "[t]he minor role

3

reduction wasn't noticed or retroactive during [her] trial or appeal[,] [and] [t]he changes in minor role sentencing have just been noticed and have also become retroactive and available to [her]." (*Id.* at 12.)

Pursuant to Rule 2(b) of the Rules Governing Section 2255 Proceedings, a petitioner must "state the facts supporting each ground" for relief. Rules Governing Section 2255 Proceedings for the United States District Courts, R. 2(b). Here, McConnell fails to identify the specific change to the Sentencing Guidelines that has "become retroactive and available to [her]." (*See* § 2255 Mot. 4, 12.) McConnell also fails to provide any supporting facts regarding the applicability of a "minor role reduction" to her sentence. (*See id.*) McConnell's vague and conclusory claim regarding a "minor role reduction" without any explanation as to the basis for such requested relief and without any factual support fails to establish a claim for relief. *See United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (citations omitted)); *see also Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). For this reason alone, McConnell's claim is subject to dismissal.

Further, to the extent that McConnell seeks a reduction in her sentence or her term supervised release due to a retroactive amendment to the United States Sentencing Guidelines, "[t]he proper avenue for [such] a request . . . is a motion under 18 U.S.C. § 3582(c)(2)." *United States v. McCoy*, 804 F.3d 349, 353 (4th Cir. 2015) (citing *United States v. Brewer*, 520 F.3d 367, 373 (4th Cir. 2008)). Here, as discussed above, McConnell fails to identify any specific amendment that she seeks to have retroactively applied to her sentence or her term of supervised release. Moreover, even if McConnell had identified such an amendment, she would not be entitled to relief under 28 U.S.C. § 2255.

4

Finally, even liberally construing McConnell's claim as requesting relief based on the Court's allegedly improper calculation of her sentence, McConnell's claim also fails because it is procedurally defaulted and barred from review. Specifically, to the extent that McConnell claims that the Court should have reduced her sentence due to her minor role in the crime, such as by applying a mitigating role reduction pursuant to United States Sentencing Guidelines § 3B1.2, the Government correctly asserts that such a claim is procedurally defaulted and barred from review here, absent a showing of cause and prejudice or actual innocence, because McConnell could have raised, but did not raise, this claim on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009). Here, McConnell fails to demonstrate cause and prejudice or her actual innocence. Accordingly, McConnell's sole claim for relief in her § 2255 Motion will be DISMISSED.

## III. CONCLUSION

For the foregoing reasons, McConnell's § 2255 Motion (ECF No. 349) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[3]

An appropriate Order will accompany this Memorandum Opinion.

/s/ 
John A. Gibney, Jr.
United States District Judge

Date: 6/11/18
Richmond, Virginia

---

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). McConnell has not satisfied this standard.